**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA

v. CASE NO: 8:22-cr-43-CEH-CPT

SERGIO LLOPIZ

---

# ORDER

This cause comes before the Court on Defendant Sergio Llopiz's Motion in Limine to Exclude Evidence and Incorporated Memorandum (Doc. 91). The Government has responded in opposition to the motion (Doc. 116), and the Court heard oral argument on January 27, 2023. Upon full consideration and review, the Court will grant-in-part and deny-in-part the Motion in Limine.

## BACKGROUND

Sergio Llopiz is charged with three counts of wire fraud by knowingly and intentionally devising and intending to devise a scheme to defraud to obtain money by means of false and fraudulent pretenses, representations, and promises. Doc. 1. Llopiz, an attorney, provided legal services for Progressive Insurance Company until 2015. Doc. 116 at 2. The Government alleges that after their professional relationship ended, Llopiz continued to bill Progressive on matters for which he did not have outstanding or unpaid legal fees. *Id.*

Llopiz now moves to exclude several topics or pieces of evidence from the jury's consideration. Doc. 91. The Government has explained that it does not intend to

introduce most of them: a 2015 arrest, bankruptcy filings, receipt of a loan under the Payroll Protection Program, and summary spreadsheets. Doc. 116 at 5. Accordingly, those aspects of Llopiz's motion are **denied as moot**. Two issues remain disputed: a 2016 Florida Bar Complaint and related documents, and evidence regarding Llopiz's contact with potential witnesses, Progressive employees, while on pretrial release.

## DISCUSSION

"A Motion *In Limine* presents a pretrial issue of admissibility of evidence that is likely to arise at trial, and as such, the order, like any other interlocutory order, remains subject to reconsideration by the court throughout the trial." *Stewart v. Hooters of Am., Inc.*, No. 8:04-CV-40-EAK-MAP, 2007 WL 1752843, *1 (M.D. Fla. June 18, 2007) (citation omitted). "The real purpose of a Motion *In Limine* is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably affect the fairness of the trial. A court has the power to exclude evidence *in limine* only when evidence is clearly inadmissible on all potential grounds." *Id.*, quoting *Luce v. United States*, 469 U.S. 38, 41 (1984) (federal district courts have authority to make *in limine* rulings pursuant to their authority to manage trials).

Rule 402 of the Federal Rules of Evidence prohibits the introduction of evidence that is not relevant. According to Rule 401, evidence is relevant if it has any tendency to make a fact more or less probable than it otherwise would be, and the fact is of consequence in determining the action. Rule 403 requires the Court to weigh the probative value of evidence against any danger of "unfair prejudice, confusing the

issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Under Rule 404(b), a party may not introduce evidence of a prior bad act in order to show that on a particular occasion the person acted in accordance with the character demonstrated by the act.

**A. Florida Bar Complaint**

First, Llopiz moves to exclude evidence that he was the subject of a Florida Bar complaint in 2016. In 2014, after leaving the employment of a law firm, he contacted a client to request that it send payments for his legal services directly to him rather than to the firm. Doc. 116 at 2. In this manner he received over $18,000 in payments that should have been provided to the firm. *Id.* Llopiz entered into a settlement agreement in which he agreed to provide full restitution to the firm. *Id.* He also admitted to violating Florida Bar rules prohibiting dishonesty and fraud. *Id.* at 2-3.

Pursuant to Rule 404(b)(2), evidence of a defendant's prior bad acts may be admitted for a purpose other than to show his bad character, such as to show his intent or motive. Where such evidence is introduced to show a defendant's intent to defraud, its relevance derives from the prior acts' similarity to the offense charged. *U.S. v. Parr*, 716 F.2d 796, 804 (11th Cir. 1983). In *U.S. v. Ellisor*, 522 F.3d 1255, 1267-68 (11th Cir. 2008), for example the Eleventh Circuit held that the district court did not abuse its discretion in admitting evidence of prior misconduct that was "striking[ly]" similar to the instant offense and that was probative of his fraudulent intent, which would be "the primary disputed issue" in the case.

Here, the parties dispute whether the 2014 conduct is substantially similar to the allegations in the Indictment, such that it may be admitted as evidence of his fraudulent intent. The Government asserts that, because the conduct is so similar, it is relevant to show Llopiz's motive, intent, and lack of mistake in the instant case. *See* Fed. R. Evid. 404(b)(2). The Government emphasizes that both cases involved fraudulent requests for payment for legal services Llopiz knew he was not entitled to. Llopiz agrees that intent, motive, and absence of mistake are relevant issues in this case, but argues the prior conduct is too distinct to be probative. In the instant case he is accused of submitting invoices for work that was not done, while the 2014 incident involved a question of who was entitled to receive payment for work that *was* done.

The Court concludes that Llopiz's 2014 conduct is, while not identical, sufficiently similar to the fraudulent conduct alleged in the Indictment that it is probative of his intent, motive, or lack of mistake, which the defense concedes are relevant issues in the instant case.[1] Evidence regarding his 2014 conduct is therefore admissible under Rule 404(b)(2) for this limited, non-propensity purpose.

[1] Llopiz's reliance on *U.S. v. Brodnik*, No. 1:09-cr-00067, 2010 WL 4318573, *3-5 (S.D. W.V. Oct. 18, 2010), is unavailing because its facts are distinguishable. In *Brodnik*, the defendant was under indictment for tax evasion, and had received a Bar sanction for violations of securities law in which he allegedly sold shares of stock that were not delivered. *Id.* at *5. The only similarities between the two incidents were that they both involved an offshore financial transaction, the time frames overlapped, and they had a participant in common. *Id.* at *4. "Given the differences in the two allegations," the court found that any probative value of the Bar sanction was substantially outweighed by the danger of unfair prejudice. *Id.* at *5. Here, in contrast, both incidents involve fraudulent billing for legal services. Although the means by which the alleged fraud occurred differs between the two, the charge is the same. Thus, the prior conduct has greater probative value than in *Brodnik*.

Llopiz also contends that the form of the evidence the Government seeks to introduce is highly prejudicial because Bar Complaints carry significant stigma. He further argues that the introduction of this evidence violates Federal Rule of Evidence 410 and Federal Rule of Criminal Procedure 11(f), because the documents contain information equivalent to statements made during conditional plea discussions. However, the Government has clarified that it does not intend to introduce evidence or testimony regarding the Bar Complaint or its related proceedings, but only the underlying conduct. Specifically, it intends to elicit witness testimony about the payments distributed to Llopiz from both the firm and the client, and the fact that he subsequently paid restitution to the firm. The Court agrees that it is unnecessary to a presentation of evidence regarding the underlying conduct to refer to the Bar proceedings themselves. Because the Government does not intend to elicit testimony or introduce evidence regarding the proceedings or any plea discussions, the arguments related to Rule 410 and the particular prejudice of a Bar Complaint are moot. The motion in limine is therefore **denied-in-part** as to the Bar Complaint.

**B. Contact With Potential Witnesses**

Llopiz also seeks to preclude evidence regarding his contact with potential witnesses. Llopiz contacted Progressive employees by phone and email while he was on pretrial release, causing Pretrial Services to file a violation of pretrial release conditions in November 2022. Doc. 91 at 8. According to Llopiz, who is a former civil lawyer and mediator, he contacted them "in an effort to resolve the allegations of fraudulent invoices." *Id.* In contrast, the Government characterizes the

communications as threats. Doc. 116 at 4. It alleges that Llopiz repeatedly emailed and called Progressive employees, who "at times felt threatened" by him. *Id.* In one email, he stated "I want to attempt to resolve this issue." *Id.* In another, which he attempted to send to a senior executive, he "threatened to go to the media and 'sink you' if Progressive did not comply with his request to resolve the matter." *Id.* He then forwarded the email to the executive's subordinate, a Government witness, with the message, "Are you going to do your f---ing job?" *Id.* After an evidentiary hearing on the alleged violation of pretrial release conditions, Magistrate Judge Tuite issued an order prohibiting contact with any potential witness or employee of Progressive. *Id.* at 8-9.

Llopiz argues that this evidence is not probative of any relevant issue and is highly prejudicial. Judge Tuite did not make a finding that Llopiz had violated the terms of his release, because the testimony at the evidentiary hearing did not establish that he engaged in witness tampering, intimidation, or obstruction. Accordingly, the evidence does not demonstrate any consciousness of guilt. In response, the Government contends that his emails are direct threats against Government witnesses, which is evidence of consciousness of guilt as well as admissions against interest.

Evidence of witness tampering or threats against a witness can be admissible for the purpose of showing a defendant's consciousness of guilt. *U.S. v. Brazel*, 102 F.3d 1120, 1153-54 (11th Cir. 1997), citing *U.S. v. Gonzalez*, 703 F.2d 1222, 1223 (11th Cir. 1983). Although it is prejudicial, its probative value may outweigh the prejudice. *U.S. v. Baker*, 432 F.3d 1189, 1220 (11th Cir. 2005), abrogated on other grounds by *Davis v.*

*Washington*, 547 U.S. 813 (2006). However, the Eleventh Circuit has "noted that the admissibility of witness threats is 'a close call' because the potential prejudice 'may be great.'" *U.S. v. Smith*, 352 Fed. App'x 387 (11th Cir. 2009), quoting *Baker*, 432 F.3d at 1220.

The cases in which courts have found consciousness of guilt from a defendant's contact with witnesses usually involve statements that express the defendant's clear intent to cause the witness physical harm. In *Brazel*, 102 F.3d at 1153-54, for example, a witness testified that the defendant told him shortly before trial "he will see me in five years and get with me and straighten me." In *Gonzalez*, 703 F.2d at 1223, the court admitted evidence of death threats. *See also Baker*, 432 F.3d at 1220 (remarks to witness included "be careful about your son cause we're going to get him on the streets and f--- him," and "you ain't going to get forty years off of me"); *U.S. v. Wilson*, 8:16-cr-333, 2016 WL 5719578, *4 (M.D. Fla. Sept. 30, 2016) (Covington, J.) (threat to have witness, his ex-girlfriend, "hog-tied and brought to" defendant as a result of her cooperation was relevant as consciousness of guilt).

Courts have also found that other evidence of witness tampering, such as attempting to persuade them not to testify or to change their testimony, is probative of consciousness of guilt. *See*, *e.g.*, *U.S. v. Hesser*, 800 F.3d 1310, 1326-27 (11th Cir. 2015) (defendant's attempt to persuade wife to change her testimony before trial by, *inter alia*, telling her the Bible said she should do what her husband said was probative of his consciousness of guilt); *U.S. v. Hammond*, 781 F.2d 1536, 1540 (11th Cir. 1986) (no abuse of discretion to admit testimony that defendant "had used various means,

including offers of money, in an attempt to persuade [witness] not to testify" was "evidence of attempts to influence a witness as relevant in showing consciousness of guilt"); *U.S. v. Thompson*, 426 Fed. App'x 860, 861 (11th Cir. 2011) (letters seeking to dissuade witness from testifying against defendant and referring to witness's knowledge of defendant's guilt constituted attempts to influence the witness that evidenced a consciousness of guilt).

Here, Llopiz's conduct is far less egregious or demonstrative of a threat to the Government's witnesses. The Court first observes that there is a significant difference between a threat of violence and a threat to contact the press. Llopiz's conduct is consistent with an ill-advised attempt to resolve the matter outside of court, which does not necessarily demonstrate any consciousness of guilt. *See U.S. v. Monahan*, 633 F.2d 984, 985 (1st Cir. 1980) ("[S]ome conduct regarded as obstruction of justice may not be probative because it demonstrates only a preference to avoid legal involvement[.]"); *U.S. v. Harrell*, No. 6:05-cr-17, 2006 WL 1214957, *3 (M.D. Ga. May 5, 2006) ("Rather than expressing direct threats against witnesses in his trial, [defendant] appears to be expressing general frustration with the situation in which he finds himself.").[2] On the other hand, the evidence is highly prejudicial and carries a strong possibility of being taken as evidence of his bad character. On this record, the Court finds that the risk of prejudice outweighs any probative value the evidence may

[2] For the same reason, the Court concludes the statements do not qualify as admissions against interest.

have. *See* Fed. R. Evid. 403. Therefore, the motion in limine as to the contacts with potential witnesses is due to be **granted**.

Accordingly, it is **ORDERED**:

1. Defendant Sergio Llopiz's Motion in Limine to Exclude Evidence and Incorporated Memorandum (Doc. 91) is **GRANTED-IN-PART** and **DENIED-IN-PART**. The Motion is granted as to the evidence regarding Llopiz's communications with potential witnesses while on pre-trial release. The motion is otherwise denied.

**DONE** and **ORDERED** in Tampa, Florida on January 27, 2023.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties